UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SIGNATURE HOLDCO, LLC,

       Plaintiff,

    v.

RIVERSTREET CENTER OPCO, LLC,
and PANACEA HEALTH CORP.,

       Defendants.

23-CV-1191-LJV
DECISION & ORDER

---

On November 17, 2023, the plaintiff, Signature Holdco, LLC ("Signature"), commenced this action for breach of contract, unjust enrichment, and quantum meruit damages against the defendants, Riverstreet Center OPCO, LLC ("Riverstreet"), and Panacea Health Corp. ("Panacea"). Docket Item 1. A few months later, Signature filed an amended complaint, Docket Item 12; Riverstreet answered the amended complaint, Docket Item 17; and Panacea moved to dismiss it, Docket Item 19.

Panacea did not raise lack of subject matter jurisdiction in its motion to dismiss; instead, it says that Signature has failed to state a claim on which relief can be granted. *See id.* But federal district courts have an independent duty to confirm that they have subject matter jurisdiction, even when no party has challenged it. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). And for the reasons that follow, Signature has failed to establish that this Court has jurisdiction here.

**DISCUSSION**

The party invoking a federal court's subject matter jurisdiction "bears the burden of proving that the case is properly" within that jurisdiction. *United Food & Com. Workers Union, Loc. 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). In the amended complaint, Signature alleges that this Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332 based on diversity of citizenship. *See* Docket Item 12 at 3, ¶ 1.[1] That statute provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different [s]tates." 28 U.S.C. § 1332(a).

The first of those two requirements is met here: The amended complaint explicitly states that Signature is seeking $97,992.89, absent attorney's fees and interest, which is the amount that the defendants allegedly owe to it under a contract. Docket Item 12 at 4, ¶¶ 9-11. That allegation sufficiently establishes the amount in controversy. *See Wood v. Maguire Auto., LLC*, 508 F. App'x 65, 65 (2d Cir. 2013) (summary order) ("Pleading that the amount in controversy exceeds $75,000 creates 'a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy.'" (quoting *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir.2003))).

---

[1] Page numbers in docket citations refer to ECF pagination. Because the complaint and amended complaint contain several sets of paragraph numbers, *see* Docket Items 1 and 12, this Court refers to both the page and paragraph number when citing those documents.

On the other hand, the first requirement—diversity of citizenship—is not met on the face of the pleadings here. *See* 28 U.S.C. § 1332(a). As noted above, Signature asserts in conclusory fashion that the parties here are of diverse citizenship. Docket Item 12 at 3, ¶ 1. But the allegations regarding each party's citizenship are insufficient to support that assertion.

More specifically, the amended complaint says that Signature is a limited liability company that is "incorporated in Delaware" and has a "principal place of business" in Texas. *Id.* at 2, ¶ 1. And it says that Panacea is a "Pennsylvania corporation" that "transact[s] business" in Pennsylvania, while Riverstreet is a Delaware limited liability company that also "transact[s] business" in Pennsylvania.[2] *Id.* at 2, ¶¶ 4-5. But those assertions are insufficient to show the citizenship of the parties and therefore to establish that this Court has diversity jurisdiction.

As just noted, Signature says that both it and Riverstreet are limited liability companies, while Panacea is a corporation. *Id.* at 2, ¶¶ 1, 4-5. "[A] limited liability company . . . takes the citizenship of each of its members." *Bayerische Landesbank v.*

---

[2] It is true that "[i]n an action in which jurisdiction is premised on diversity of citizenship, diversity must exist at the time the action is commenced," rather than at the time that the amended complaint is filed. *See Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002); *Roche Cyrulnik Freedman LLP v. Cyrulnik*, 582 F. Supp. 3d 180, 187 (S.D.N.Y. 2022) ("Even where the plaintiff files an amended complaint, the relevant frame of reference for diversity jurisdiction is the time of the filing of the original complaint." (emphasis omitted) (collecting cases)).

But the original complaint contains nearly the same jurisdictional allegations as the amended complaint. *Compare* Docket Item 1 at 2, ¶¶ 1-6, *with* Docket Item 12 at 2, ¶¶ 1-5. More specifically, the original complaint provides the same information about Panacea's and Riverstreet's places of incorporation and where they transact business, but it describes Signature only as "an incorporated domestic limited liability company with a registered address at 28 Liberty Street, New York, [New York]." *See* Docket Item 1 at 2, ¶¶ 1, 5-6; *see also* Docket Item 12 at 2, ¶¶ 1, 4-5. That is simply not enough.

3

*Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012); *see also Agility Logistics Corp. v. Elegant USA, LLC*, 2009 WL 3094898, at *1 (S.D.N.Y. Sept. 25, 2009) ("For the purposes of diversity jurisdiction, a limited liability company's . . . citizenship is determined not by the LLC's place of incorporation or principal place of business, but by the citizenship of each member of the LLC."). And "a corporation [is] deemed to be a citizen of every [s]tate and foreign state by which it has been incorporated and of the [s]tate or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016) ("For purposes of diversity jurisdiction, a corporation is deemed . . . to be a citizen both of the state in which it has its principal place of business and of any state in which it is incorporated.").

Signature has pleaded no facts showing the citizenship of either its own or Riverstreet's members; indeed, it has not even identified who those members are.[3] *See*

---

[3] For reasons that are not entirely clear to this Court, Signature attached to its amended complaint an alternate version of that complaint with edits in track changes. Docket 12 at 34-40. Among other things, those edits name an additional plaintiff and include additional jurisdictional information. *See id.* But that does not change the analysis here for at least two reasons. First, that draft pleading—or whatever it may be—is not the operative pleading and thus not properly before the Court. Second, while in light of the first point, the Court need not and thus does not reach the issue, even the supplemental jurisdictional information does not appear to be enough. If a party in a diversity case is a limited liability company that has members that are themselves limited liability companies, the plaintiff must provide the citizenship of the members of *those* limited liability companies (and so on). *See Avant Cap. Partners, LLC v. W108 Dev. LLC*, 387 F. Supp. 3d 320, 322-23 (S.D.N.Y. 2016); *see also Kruglov v. Copart of Conn., Inc.*, 771 F. App'x 117, 118 (2d Cir. 2019) (summary order). In the draft pleading, Signature describes its membership structure as not unlike that of a set of Russian nesting dolls. *See* Docket Item 12 at 35, ¶¶ 1-5. But it does not provide any allegations regarding the citizenship of the innermost doll: It ends the chain with five limited liability companies that it simply asserts are not citizens of either Pennsylvania or New York. *Id.* That still is not enough.

Docket Item 12; *see also* Docket Item 1.  This Court therefore is unable to determine the citizenship of either Signature or Riverstreet.  And while Signature says that Panacea is a "Pennsylvania corporation"—presumably meaning that it is incorporated in Pennsylvania—it does not identify that entity's principal place of business.  *See* Docket Item 12 at 2, ¶ 4; *see also* 28 U.S.C. § 1332(c)(1).  Because that critical information is missing, this Court is unable to determine Panacea's citizenship as well.

For those reasons, the allegations of the amended complaint do not establish the citizenship of each party, and they therefore do not establish the diversity required for this Court to exercise jurisdiction.  *See* Docket Item 12; *see also* 28 U.S.C. § 1332.  Stated another way, Signature has not met its "burden of proving that the case is properly" within this Court's jurisdiction.  *United Food & Com. Workers Union, Loc. 919*, 30 F.3d at 301; *see Premium Merch. Funding 18, LLC v. Honan*, 2024 WL 4931940, at *4 (S.D.N.Y. Dec. 2, 2024) (holding that plaintiffs, two limited liability companies, had failed to establish diversity jurisdiction when they had not provided any information about their members' citizenship nor had they provided any information about several of the defendant limited liability companies' members); *see also Pena v. Osaigbovo*, 2024 WL 3666379, at *2 (S.D.N.Y. Aug. 6, 2024) (holding that defendants failed to establish diversity jurisdiction in notice of removal where the court lacked information about citizenship of members of defendant limited liability company).

The amended complaint therefore is dismissed without prejudice for lack of subject matter jurisdiction, and Panacea's motion to dismiss the amended complaint, Docket Item 19, is denied without prejudice as moot.  Nevertheless, within 30 days, Signature may amend its complaint to allege facts showing that this Court has

jurisdiction over its claims.  *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 64 (2d Cir. 2009) (stating that because a plaintiff's failure to adequately plead diversity jurisdiction does not necessarily mean that it does not exist, a court may, "where the facts necessary to the establishment of diversity jurisdiction are subsequently determined to have obtained all along . . . allow a complaint to be amended to assert those necessary facts" (quoting *Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 329 (2d Cir.2001))).  In any amended complaint, Signature must allege facts detailing its own citizenship as well as the citizenship of Riverstreet and Panacea.  *See Premium Merchant Funding 18*, 2024 WL 4931940, at *5.  If Signature does not file an amended complaint within 30 days, the Clerk of the Court will close this case.

## **CONCLUSION**

For the reasons stated above, the amended complaint is dismissed without prejudice for lack of subject matter jurisdiction, and Panacea's motion to dismiss, Docket Item 19, is DENIED without prejudice as moot.  Signature may amend its complaint **within 30 days of the date of this decision and order** to allege facts showing that this Court has jurisdiction over its claims.  If it fails to do so, the Clerk of the Court shall close this case without further order.

SO ORDERED.

Dated:   March 7, 2025
             Buffalo, New York


 */s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE